**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
KEITH E. ALFORD,                :
                                :  Civil Action No. 08-5970 (JAP)
          Plaintiff,            :
                                :
     v.                         :        O P I N I O N
                                :
ROY L. HENDRICKS, et al.,       :
                                :
          Defendants.           :
_____ :
```

**APPEARANCES:**

Keith E. Alford, Pro Se
#65779
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

Plaintiff, Keith E. Alford, seeks to bring this civil rights action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

Plaintiff asserts that his right to access the courts has been violated. Specifically, he states:

> In a direct act of "retribution and retaliation" the defendant Roy L. Hendricks, deliberately, purposely and with malice did "selectively enforce" the policy and provisions of 10A:18-3.4(B) to wit the "reading and censorship" of this Plaintiff's legal correspondence to disrupt, and to do away with litigation against the named defendants' "self interest," as in Civil No. 03-6004 (MLC) was filed to address similar abuse of the named policy, in the "diminished" status of the U.S. Constitution this Plaintiff's quality of life no longer afforded the ability to protect Plaintiff's rights, and with said circumstance the named defendant is allowed to commit the perfect murder . . . .

(Complt., ¶ 6).  Plaintiff continues to declare that he was denied access to courts in his efforts to "defraud" the record.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  While incarcerated, Plaintiff has had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.  See, e.g., Alford v. Brown, Civil Action No. 03-1972 (D.N.J.); Alford v. Hendricks, Civil Action No. 03-0639 (D.N.J.); Alford v. Hendricks, Civil Action No. 01-3367 (D.N.J.); Alford v. Fishman, Civil Action No. 91-5068 (D.N.J.); Alford v. Beyer, Civil Action No. 91-1132 (D.N.J.); Alford v. Caraballo, Civil Action No. 91-0751.

In this case, Plaintiff attempts to argue that he should be granted in forma pauperis status, despite his prior "three strikes," because he is in imminent danger of serious physical injury.  However, even "under our liberal pleading rules, construing all allegations in favor of the complainant and crediting those allegations of 'imminent danger'" Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998)(citing Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)), Plaintiff has not asserted facts indicating "imminent danger of serious physical injury."

This Court makes no findings as to whether or not Defendants have violated state law, or otherwise violated Plaintiff's constitutional rights by denying him access to courts.  However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case.

/s/   JOEL A. PISANO
United States District Judge

Dated:    June 23, 2009